UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN ANDREW LEON,<br><br>Plaintiff,<br><br>v.<br><br>SAN JOSE POLICE DEPARTMENT, et al.,<br><br>Defendants. | Case No. 17-cv-00328-KAW (PR)<br><br>**ORDER SERVING COGNIZABLE CLAIM** |

Plaintiff Steven Andrew Leon, incarcerated at the Santa Clara County Jail, has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging the violation of his constitutional rights by San Jose Police Officer Guzman, #3968, and the San Jose Police Department. Plaintiff has consented to the jurisdiction of the undersigned United States Magistrate Judge over this action. Plaintiff's motion for leave to proceed *in forma pauperis* is granted in a separate order. The Court now reviews Plaintiff's complaint.

## DISCUSSION

**I. Preliminary Review of Complaint**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the

statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dept. Corrections & Rehabilitation*, 756 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633.

Under no circumstances is there respondeat superior liability under § 1983. *Lemire*, 756 F.3d at 1074. Or, in layman's terms, under no circumstances is there liability under section 1983 solely because one is responsible for the actions or omissions of another. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680-81 (9th Cir. 1984). A supervisor may be liable under § 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012) (citing *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011)). It is insufficient for a plaintiff only to allege that supervisors knew about the constitutional violation and that they generally created policies and procedures that led to the violation, without alleging "a specific policy" or "a specific event" instigated by them that led to the constitutional violations. *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012).

//

//

## II. Plaintiff's Claim

Plaintiff's complaint alleges the following: On October 7, 2016, Plaintiff, who was unarmed and no threat, was struck by Officer Guzman with his baton. Plaintiff fell down unconscious and awoke with Officer Guzman striking him while he lay in a pool of his own blood. As a result of Officer's Guzman's actions, Plaintiff suffered a fractured left hand and right elbow and a laceration on the back of his head. Plaintiff's elbow is now held together by eight screws and a large plate.

Liberally construed, the allegations appear to give rise to a cognizable Fourth Amendment claim for excessive force against Officer Guzman. However, even liberally construed, the allegations do not give rise to a claim against the San Jose Police Department about which there are no allegations in the complaint. As discussed above, there is no supervisor liability under § 1983. Therefore, to state a cognizable claim against the Police Department, Plaintiff would have to allege a specific policy or procedure implemented by the Police Department which led to the constitutional violation by Officer Guzman. Plaintiff is given leave to amend his complaint to remedy this deficiency, if he truthfully can do so.

## CONCLUSION

Based on the foregoing, the Court orders as follows:

1. The excessive force claim against the San Jose Police Department is dismissed with leave to amend.

2. If Plaintiff chooses to file an amended complaint to remedy the deficiency noted above, it must be filed within twenty-eight (28) days of the date this Order and must include the caption and civil case number used in this Order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, Plaintiff must include in it all the allegations giving rise to his claim. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal with prejudice of the excessive force claim against the San Jose Police Department.

3. The allegations appear to give rise to a cognizable Fourth Amendment excessive force

1    claim against Officer Guzman.

2        4. The Clerk of the Court shall mail <u>a Notice of Lawsuit and Request for Waiver of

3    Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint

4    (docket no. 1) and all attachments thereto, a copy of this Order, and a copy of the form "Consent

5    or Declination to Magistrate Judge Jurisdiction" to Officer Guzman, #3968, at the San Jose Police

6    Department.</u> This form can also be found at www.cand.uscourts.gov/civilforms. The Clerk shall

7    also mail a copy of the complaint and a copy of this Order to the San Jose Office of the City

8    Attorney, and a copy of this Order to Plaintiff.

9        5. Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires him

10   to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to

11   Rule 4, if Defendant, after being notified of this action and asked by the Court, on behalf of

12   Plaintiff, to waive service of the summons, fails to do so, he will be required to bear the cost of

13   such service unless good cause be shown for his failure to sign and return the waiver forms. If

14   service is waived, this action will proceed as if Defendant had been served on the date that the

15   waiver is filed, except that pursuant to Rule 12(a)(1)(A)(ii), Defendant will not be required to

16   serve and file an answer before <u>sixty</u> days from the date on which the request for waiver was sent.

17   (This allows a longer time to respond than would be required if formal service of summons is

18   necessary.)

19   Defendant is advised to read the statement set forth at the foot of the waiver form that more

20   completely describes the duties of the parties with regard to waiver of service of the summons. If

21   service is waived after the date provided in the Notice but before Defendant has been personally

22   served, the answer shall be due <u>sixty</u> days from the date on which the request for waiver was sent

23   or <u>twenty</u> days from the date the waiver form is filed, whichever is later.

24       6. Defendant shall file his Consent or Declination to Magistrate Judge Jurisdiction on or

25   before the date his answer is due.

26       7. The following briefing schedule shall govern dispositive motions in this action:

27           a. No later than <u>thirty</u> days from the date his answer is due, Defendant shall file a

28   motion for summary judgment or other dispositive motion. If Defendant files a motion for

4

summary judgment, it shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

At the time of filing the motion for summary judgment or other dispositive motion, Defendant shall comply with the Ninth Circuit's decision in *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012), and provide Plaintiff with notice of what is required of him to oppose a summary judgment motion.

b. Plaintiff's opposition to the motion for summary judgment or other dispositive motion shall be filed with the Court and served on Defendant no later than twenty-eight days after the date on which Defendant's motion is filed. The Ninth Circuit has held that the following notice should be given to *pro se* plaintiffs facing a summary judgment motion:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Before filing his opposition, Plaintiff is advised to read the notice that will be provided to him by Defendant when the motion is filed, and Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his

5

claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendant's summary judgment motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, copies of documents authenticated by sworn declaration or discovery. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

      c. Defendant shall file a reply brief no later than fourteen days after the date Plaintiff's opposition is filed.

      d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

8. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. No further court order pursuant to Rule 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

9. All communications by Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or his counsel.

10. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

11. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than three days prior to the deadline sought to be extended.

IT IS SO ORDERED.

Dated: June 12, 2017

                                                KANDIS A. WESTMORE
                                                UNITED STATES MAGISTRATE JUDGE