UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN ANDREW LEON,<br>　　　　Plaintiff,<br>　　v.<br>OFFICER GUZMAN, #3968,<br>　　　　Defendant. | Case No. 17-cv-00328-HSG (PR)<br><br>**SECOND ORDER OF SERVICE** |

On January 23, 2017, plaintiff, a state prisoner, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 against two defendants, San Jose Police Officer Guzman and the San Jose Police Department. He has been granted leave to proceed *in forma pauperis*. The action was originally assigned to Magistrate Judge Kandis A. Westmore, but on November 7, 2017, it was reassigned to the undersigned. On June 12, 2017, Judge Westmore found the complaint stated a cognizable Fourth Amendment claim for excessive force against Officer Guzman but dismissed with leave to amend the San Jose Police Department. Plaintiff has not amended his claims against the San Jose Police Department, and the time in which to do so has passed. Accordingly, the San Jose Police Department will be dismissed from this action.

The court sent a Notice of Lawsuit and Request for Waiver of Service of Summons to defendant Guzman at the San Jose Police Department, however no response has been received. Accordingly, the court will order the United States Marshal to serve defendant Guzman pursuant to the instructions below.

In light of the foregoing, the court orders as follows:

1. The claims against defendant San Jose Police Department are DISMISSED without prejudice. The Clerk shall terminate this entity as a defendant on the court docket.

2. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint (dkt. no. 1), a copy of the court's June 12, 2017 order of service (dkt. no. 12), and a copy of this order upon **Officer Guzman, #3968** at the **San Jose Police Department**.

A courtesy copy of this order shall also be mailed to the San Jose Office of the City Attorney.

3. In order to expedite the resolution of this case, the court orders as follows:

    a. No later than **91 days** from the date this order is filed, defendant must file and serve a motion for summary judgment or other dispositive motion with respect to the claim found to be cognizable in the court's June 12, 2017 order of service. If defendant is of the opinion that this case cannot be resolved by summary judgment, defendant must so inform the court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a *Rand* notice so that plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).[1]

    b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendant no later than **28 days** from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

    c. Defendant **shall** file a reply brief no later than **14 days** after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

---

[1] If defendant asserts that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendant must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion). Such a motion should also incorporate a modified *Wyatt* notice in light of *Albino*. *See Wyatt v. Terhune*, 315 F.3d 1108, 1120, n.14 (9th Cir. 2003); *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012).

4. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

(The *Rand* notice above does not excuse defendant's obligation to serve said notice again concurrently with a motion for summary judgment. *Woods*, 684 F.3d at 939).

5. All communications by plaintiff with the court must be served on defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8. Any motion for an extension of time must be filed no later than the deadline sought to

be extended and must be accompanied by a showing of good cause.

9. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the court for consideration in this case.

**IT IS SO ORDERED.**

Dated: 11/14/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge